## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

REISON ANTONIO TIAPA BAUTISTA,

      Petitioner,

v.                                                                                   No. 2:26-cv-00814-WJ-SCY

MELISSA ORTIZ, WARDEN of Torrance County
Detention Facility;
JOEL GRAY, Field Office
Director, Enforcement and Removal Operations,
El Paso Field Office;
TODD M. LYONS, Acting Director, Immigration and
Customs Enforcement;
KRISTI NOEM, SECRETARY, U.S. Department of
Homeland Security;
PAMELA BONDI, United States Attorney General;

      Respondents.

## **ORDER TO ANSWER**

This matter is before the Court on Petitioner Reison Antonio Tiapa Bautista's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc.1) (Petition). Petitioner is detained at the Torrance County Detention Facility. (Doc. 1 at 4). Petitioner states he is a citizen of Venezuela and holds Temporary Protected Status under 8 U.S.C. 1254a. (Doc. 1 at 1). He argues that Respondent Noem's vacatur of TPS status for Venezuela is unlawful. (Doc. 1 at 2). He entered the United States fleeing political persecution and entered without inspection at Eagle Pass, Texas on June 23, 2023, where he was given a credible fear interview and released. (Doc. 1 at 5). Following release, he moved to Las Cruces, New Mexico and has lived with his partner, a Venezuelan asylum seeker. (Doc. 1 at 5). Petitioner seeks immediate release. (Doc. 1 at 17).

Having reviewed the record, the Court finds the alleged facts may raise a colorable claim for relief. *See Melchor-Rios v. Ortiz, et al.*, 2:25-cv-1055 WJ-GJF (concluding the petitioner's detention was governed by 8 U.S.C. § 1226, rather than 8 U.S.C. § 1225, and ordering Respondents to provide a bond hearing or release the petitioner); *Briceno-Sanchez v. Dedos, et al.*, 2:25-cv-1054 WJ-GBW (same). The Clerk's Office has electronically served the Petition on Respondents via CM/ECF. *See* Doc. 2. The United States Attorney's Office (USAO) shall answer the Petition within ten (10) business days of entry of this Order. *See* Habeas Rules 1(b), 4 (courts have discretion to set a time for respondents to answer a habeas petition).1 The answer should address the merits of Petitioner's claim and show cause why the requested relief should not be granted. Any response filed by Respondents must demonstrate why the specific facts or procedural posture of this case warrant a departure from the Court's prior rulings. Petitioner may file an optional reply within ten (10) business days after the answer brief is filed.

If the USAO declines to timely respond, the Court may enter a separate order directing the Immigration Court to conduct a bond hearing in accordance with its prior rulings on this issue.

Also before the Court is Petitioner's *Ex Parte* Application for Temporary Restraining Order (Doc. 3). The Court finds that the *Ex Parte* Application fails to make the required showing of immediate and irreparable harm as required by Fed. R. Civ. P. 65(b) and denies the Application. This denial is without prejudice to a request for preliminary injunctive relief.

**IT IS ORDERED** that the USAO shall **ANSWER** the Petition within ten (10) business days of entry of this Order and show cause why the requested relief should not be granted. If

---

1 To the extent applicable and pursuant to the authority granted by Rule 1(b) of the Rules Governing 2254 Cases in the United States District Court and Standing Order 26-mc-0004-03, the Court will apply the Rules Governing Section 2254 cases in this proceeding.

Petitioner wishes to file an optional reply, he must do so within ten (10) business days after Respondents' response is filed.

**IT IS FURTHER ORDERED** that Petitioner's *Ex Parte* Application for Temporary Restraining Order (Doc. 3) is **DENIED** without prejudice to a request for preliminary injunctive relief.

/s/_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE